Verified Complaint

CMMR No. (When Served)

**Address Correction**

c/o: Andre-Nigel Barnett 15
Sodom Road
Hyde Park, New York [12538]

**In the district court for the federation for
new york sitting in the capacity of an Article III court**

---------------------------------------------------------------

**PARTIES**

**Plaintiff**

Andre-Nigel Barnett sui juris abodes on 15

Sodom Road, Hyde Park, New York [12538], a

100% service-disabled veteran.

**COMPLAINT**

Petitioner and Plaintiff,

**IN ADMIRALTY**

– AGAINST

**Defendants**

1. **Defendant** Dave Stewart may be served at:

   DS Home Services LLC

   33 Brower Blvd.

   Hyde Park, NY 12538

2. **Defendant** Tesla, Inc. may be served through its New York registered agent:

   C T Corporation System

   28 Liberty Street

   New York, NY 10005Alternate: Corporate Headquarters

Verified Complaint

CMMR No. (When Served)

1 Tesla Road

Austin, TX 78725

3. **Defendant** Elon Musk may be served c/o Tesla, Inc. registered agent or headquarters (above).

4. **Defendant** Vaibhav Taneja may be served c/o Tesla, Inc. registered agent or headquarters (above).

5. **Defendant** Brandon Ehrhart may be served c/o Tesla, Inc. registered agent or headquarters (above).

6. **Defendant** Robert Rodriguez may be served c/o Tesla, Inc. registered agent or headquarters (above).

7. **Defendant** Sarah McCready may be served c/o Tesla, Inc.

   2445 St Rose Parkway Suite #100

   Henderson, NV 89074

   or via registered agent (above).

8. **Defendant** John [Last Name Unknown] may be served c/o Tesla, Inc. registered agent or headquarters (above).

9. **Defendant** Arpit H [Last Name Unknown] may be served c/o Tesla, Inc. registered agent or headquarters (above).

10. **Defendant** Byron Stewart may be served c/o Tesla, Inc. registered agent or headquarters (above).

11. **Defendant** Ron Rothkranz may be served at:

    DS Home Services LLC

Verified Complaint

CMMR No. (When Served)

33 Brower Blvd.

Hyde Park, NY 12538

12. **Defendant** DS Home Services LLC may be served at:

33 Brower Blvd.

Hyde Park, NY 12538

(Attention: Dave Stewart, Owner/Manager)

**Case No.: [To Be Assigned]**

**VERIFIED COMPLAINT (Trial by Jury Demanded)**

13. Plaintiff Andre-Nigel: Barnett sui juris, by way of verified complaint against the

Defendants, alleges as follows:

## NATURE OF THE ACTION

14. This is an action for breach of warranty under the [Magnuson-Moss Warranty Act (15

U.S.C. § 2301 et seq.)] and New York law, deceptive trade practices by and through [N.Y.

Gen. Bus. Law §§ 349–350], violations of the Americans with [Disabilities Act (42 U.S.C. §

12181 et seq.)], tortious interference with contract, civil conspiracy, intentional and

negligent infliction of emotional distress, and related claims arising from Defendants'

defective Powerwall products, warranty denials, recall mishandling, and interference

with third-party contracts; and that

## JURISDICTION AND VENUE

Verified Complaint

CMMR No. (When Served)

15. This Court has subject matter jurisdiction pursuant to [28 U.S.C. § 1331] (federal question) over the Magnuson-Moss Warranty Act, ADA, and Computer Fraud and Abuse Act claims, with the amount in controversy exceeding $50,000 exclusive of interest and costs; and that

16. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367; and that

17. Diversity jurisdiction exists under [28 U.S.C. § 1332], as complete diversity exists and the amount in controversy exceeds $75,000; and that

18. Venue is proper pursuant to [28 U.S.C. § 1391(b)], as a substantial part of the events occurred in this District, and Defendants transact business here; and that

## FACTUAL ALLEGATIONS

19. In 2019, Plaintiff purchased two Tesla Powerwall 2 units (Serial Nos. 2012170-03-B TG1183330011NP and TG118173000E4Z) installed at his off-grid residence;

20. The units were subject to Tesla's 10-year Limited Warranty, warranting freedom from defects and supporting off-grid use;

21. Defects emerged by 2022 (water ingress, frequency fluctuations), subject to November 13, 2025 CPSC recall for fire/burn hazards;

22. Tesla falsely claimed notification in 2022 (no evidence provided) and denied warranty using dismissed SunCommon lien (Dec 12, 2022 dismissal);

23. Tesla falsely claimed unawareness of off-grid configuration despite remote access;

Verified Complaint

CMMR No. (When Served)

24. Replacement Powerwall 3 (2025) malfunctioned identically, incompatible with off-grid despite warranty representations;

25. Plaintiff independently contracted DS Home Services for November 13, 2025 survey (separate from replacement); Tesla interfered (Byron Stewart communications), causing DS refusal;

26. DS falsely claimed hiring by Tesla, despite emails showing Plaintiff coordination;

27. Tesla concealed/delayed recall disclosure;

28. Defendants' actions caused $489,000+ damages (Exhibit A);

## CAUSES OF ACTION

## COUNT I – BREACH OF WARRANTY (MAGNUSON-MOSS WARRANTY ACT)

29. Plaintiff repeats paragraphs 1–28; and that

30. Defendants issued a written warranty for the Powerwall 2 units, promising they would be free from defects in materials and workmanship for 10 years and suitable for off-grid use; and that

31. The units were defective, suffering from water ingress and battery issues as confirmed by the November 13, 2025 CPSC recall, causing malfunctions, frequency fluctuations, and safety hazards; and that

32. Defendants failed to honor the warranty by delaying notification, denying coverage based on an unrelated and dismissed lien, providing an incompatible Powerwall 3 replacement that replicated defects, and mishandling the recall through remote discharge and non-disclosure; and that

Verified Complaint

CMMR No. (When Served)

33. The limited remedy failed its essential purpose, entitling Plaintiff to consequential damages exceeding $50,000; and that

34. Damages: $489,000+; attorneys' fees; and that

## COUNT II – DECEPTIVE TRADE PRACTICES (N.Y. GBL §§349–350)

35. Plaintiff repeats paragraphs 1–28; and that

36. Defendants engaged in deceptive acts, including falsely claiming notification of defects in 2022, not disclosing the Powerwall 2 recall, claiming unawareness of off-grid configuration despite remote monitoring, and falsely stating Plaintiff refused proof of purchase despite receipt of documentation; and that

37. These misrepresentations were consumer-oriented, materially misleading, and caused injury, including excessive costs and disabilities; and that

38. Damages: $489,000+; treble damages; attorneys' fees; and that

## COUNT III – ADA TITLE III VIOLATION

39. Plaintiff repeats paragraphs 1–28; and that

40. Tesla, Inc. is a public accommodation offering goods and services (energy storage systems) ; and that

41. Defendants' defective products and warranty denials created and perpetuated disabling conditions for Plaintiff, a qualified individual with a disability (100% service-disabled veteran), by forcing generator reliance, financial hardship, and limiting major life activities such as home enjoyment and financial stability; and that

Verified Complaint

CMMR No. (When Served)

42. Defendants failed to provide reasonable accommodations or modifications to ensure equal access; and that

43. Damages: $489,000+; injunctive relief (full cure, cease denials) ; and that

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT

44. Plaintiff repeats paragraphs 1–28; and that

45. Plaintiff had a valid independent contract with DS Home Services for the November 13, 2025 electrical survey, separate from Tesla's replacement; and that

46. Defendants knew of this contract and intentionally interfered by communicating with DS (e.g., via Byron Stewart), inducing breach through pressure on external contracts, leading to refusal to release the report; and that

47. This wrongful interference caused harm, including delayed resolution and added costs.

48. Damages: $489,000+; and that

## COUNT V – CIVIL CONSPIRACY

49. Plaintiff repeats paragraphs 1–28; and that

50. Defendants Tesla and DS conspired to withhold the survey report, deny warranty coverage, and obstruct Plaintiff's claims through coordinated communications and bad faith actions; and that

51. Overt acts include Byron Stewart's involvement, DS's refusal citing Tesla contracts, and Tesla's false claims; and that

52. This conspiracy caused direct harm; and that

53. Damages: $489,000+; and that

Verified Complaint

CMMR No. (When Served)

## COUNT VI – INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats paragraphs 1–28; and that

55. Defendants' extreme and outrageous conduct (warranty denials, interference, bad faith closure, recall mishandling) was intentional or negligent; and that

56. This conduct caused severe emotional distress, including inability to attend niece's funeral due to financial/functional disabilities; and that

57. Damages: $250,000+ emotional distress; total $489,000+; and that

## COUNT VII – COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. §1030)

58. Plaintiff repeats paragraphs 1–28; and that

59. Defendants intentionally accessed Plaintiff's Powerwall system without authorization or exceeding authorized access via remote modifications; and that

60. This caused malfunctions replicating defects, loss exceeding $5,000 in a year (e.g., appliance damage, energy costs); and that

61. Damages: $489,000+; attorneys' fees; and that

## PRAYER FOR RELIEF

Plaintiff demands:

a. Compensatory damages $489,000+; and

b. Punitive/treble damages; and

c. Injunctive relief; and

d. Attorneys' fees, costs, interest; and

Verified Complaint

CMMR No. (When Served)

e. Trial by Jury; and

**Dated:** January 3, 2026

**Verification** Under penalty of perjury, the foregoing is true.

Done in good faith, without recourse, retaining all rights bestowed by Elohim, our creator;

By: Andre-Nigel Barnett, visiting specially, sui juris.

15 Sodom Road, Hyde Park, NY [12538]

(845) 251-2098 | executor@anb-trust.com

**Exhibit A Attached**