UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE NIGEL BARNETT,<br>Plaintiff,<br>-against-<br>LETITIA ANN JAMES, in her official capacity as Attorney General of the State of New York, et al.,<br>Defendants. | 26-CV-3048 (JGLC) (JMC) |
| ANDRE NIGEL BARNETT,<br>Plaintiff,<br>-against-<br>DAVE STEWART, et al.,<br>Defendants. | 26-CV-107 (JGLC) (JMC) |

JESSICA G. L. CLARKE, United States District Judge:

**ORDER**

On November 5, 2026, this Court ordered Plaintiff in the above-captioned cases to show cause why a pre-filing injunction should not be entered against him as a sanction for his frivolous, vexatious litigation conduct. ECF No. 126, *in Barnett v. James*, 26-CV-3048 (JGLC) (JMC); ECF No. 83, *in Barnett v. Stewart*, 26-CV-107 (JGLC) (JMC). Plaintiff has responded. ECF No. 130, *in James*; ECF No. 84, *in Stewart* (collectively, "Resp."). The filings in each case are identical and are therefore addressed here together. Based on Plaintiff's response, the Court finds no good cause for why a litigation sanction should not issue and will accordingly impose a leave-of-court requirement for all future filings by Plaintiff in the above-captioned cases.

Plaintiff leads by rearguing his twice-denied request for the recusal of the undersigned. Resp. at 2–8. The Court has already addressed and found meritless this argument. ECF No. 129,

*in James* (Nov. 5, 2026). It is accordingly not good cause for why a litigation sanction should not issue. Additionally, Plaintiff's third request for recusal, ECF No. 131, *in James* (Nov. 9, 2026), which raises no new arguments for recusal, is denied for the same reasons this Court has previously given. *Id.*

Plaintiff next addresses the *Safir* analysis this Court laid out in its Order to Show Cause, but here too Plaintiff relies on his repeatedly denied request for the recusal of the undersigned. For example, in addressing the first factor—a history of vexatious litigation—Plaintiff brushes over his history of filing frivolous requests for emergency relief because they were each denied by a judge who, in his view, was "mandatorily disqualified." Resp. at 8. So too with the second factor. Resp. at 9. And although Plaintiff correctly notes that the third factor would ordinarily weigh in favor of heightened solicitude for an uncounseled litigant like Plaintiff, Resp. at 9, he ignores the special solicitude this Court has already extended to him and which he has abused. *Compare, e.g.*, ECF No. 27, *in James* (denying third request for emergency relief and warning that "further applications made without a material change in circumstances may be summarily denied"), *with* ECF No. 39, *in James* (nonetheless considering the merits of his fourth emergency request). As to the fourth factor, Plaintiff argues that a pre-filing restriction would prevent resolution of the merits these cases and therefore would not relieve any burden on the courts, Resp. at 10; to the contrary, Plaintiff's excessive and non-compliant filings have impeded rather than assisted in resolving the underlying claims. And again, he gestures to his accusation that the undersigned must recuse. Resp. at 10.

With respect to the fifth factor, Plaintiff suggests that other tools, such as "Rule 11 sanctions, filing fees, or other targeted remedies[,] are available." Resp. at 10. Filing fees have obviously not prevented Plaintiff's conduct given the history of these cases. And it is unclear

whether applying Rule 11 here would lead to a result any different from the one the Court now orders. Finally, the Court's pre-filing injunction *is* a targeted remedy. The Court does not impose a "blanket pre-filing injunction." Resp. at 10. Instead, the Court will enjoin Plaintiff from making any motions—by letter or otherwise—without first seeking leave of the Court.

For the reasons set forth in this Court's Order to Show Cause and herein, the Court accordingly orders as follows. Any request by Plaintiff for leave to file a motion in the above-captioned cases must be captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must attach a copy of his proposed pleading or motion. To obtain leave to file the pleading, the application must demonstrate that the proposed filing (i) raises issues not previously presented to and decided by this Court, (ii) is not duplicative of prior filings, and (iii) identifies a cognizable legal and factual basis for the relief sought. Should Plaintiff violate this Memorandum Decision and Order and file a pleading, motion, or other document without first obtaining leave of the Court to do so, the filing will be stricken for failure to comply with this Order. *See Gertskis v. N.Y. Dep't of Health and Mental Hygiene*, No. 13-2024, 2014 WL 2933149, at *7 (S.D.N.Y. June 27, 2014) (imposing pre-filing injunction requiring litigant to seek leave of court, caption the application accordingly, and attach the proposed complaint and a copy of the court's order); *Simon v. Bank of Am., N.A.*, No. 19-3498, 2021 WL 148650, at *7–8 (E.D.N.Y. Jan. 15, 2021) (affirming bankruptcy court's filing injunction requiring debtor to obtain leave of court before filing any further motions or pleadings related to creditor's interest in the property). This injunction does not extend to a timely notice of appeal from this Order.

The Clerk of Court is respectfully directed to terminate ECF No. 131 and mail a copy of this order to any self-represented party who has not consented to e-service or e-filing.

Dated: November 16, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge